UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RICARDO RODRIGUEZ VARGAS, | : | |
| Plaintiff, | : | Civ. No. 24-4449 (JKS) (JRA) |
| v. | : | |
| HUDSON COUNTY CORRECTIONAL CENTER, et al., | : | **OPINION** |
| Defendants. | : | |

**JAMEL K. SEMPER, U.S.D.J.**

Pro se plaintiff Ricardo Rodriguez Vargas, a state prisoner incarcerated at Hudson County Correctional Center ("HCCC"), seeks to commence a lawsuit pursuant to 42 U.S.C. § 1983. DE 1. Plaintiff also moves to proceed *in forma pauperis* ("IFP"). DE 1-1. For the reasons below, Plaintiff's motion to proceed IFP is granted, and his complaint is dismissed without prejudice.

**I.   IFP**

A prisoner seeking to file a civil action IFP must submit an affidavit, including a statement of all assets, stating that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). Plaintiff has complied with these requirements and demonstrated indigence. Accordingly, IFP status is appropriate, and Plaintiff's IFP motion (DE 1-1) is granted.

**II.   COMPLAINT**

Notwithstanding Plaintiff's eligibility for IFP status, the Court is still required to screen the complaint. *See* 28 U.S.C. §§ 1915A(b) & 1915(e)(2)(B). For screening purposes, the Court

accepts the well-pleaded, plausible allegations in the amended complaint as true. The complaint alleges as follows:[1]

> Officer Hall . . . turned shower lights off before 9pm lock in time which resulted in hand injury on Unit B-5-East. After notifying officer of [Plaintiff's] emergency [Plaintiff] did not receive medical attention from [HCCF] for 3 days resulting in pain and damages. Incident occurred at 8:35pm on [January 29, 2024,] on Bravo-5-East.

DE 1 at 5.

Based on these allegations, Plaintiff brings § 1983 claims against (1) HCCC because (a) the "incident occur[r]ed while under jail supervision" and (b) officers were not "properly train[ed] . . . on inmate shower rights" and "medical procedures," and (2) the "correctional officer/cop" who was on duty because (a) the "officer turned off shower lights before rec was up" and (b) "failed to note or inform medical of incident." DE 1 at 4 (capitalization omitted). The Court presumes the officer on duty was Officer Hall because, although Plaintiff did not name Hall in the "parties" section of the complaint, he named Hall in both the caption and the fact section of the complaint. DE 1 at 1, 4–5. For relief, Plaintiff requests "compensation for damages both physically and mentally" and "better training for officers on inmate rights and procedures." *Id.* at 5 (capitalization omitted).

Plaintiff also attached two exhibits to his complaint comprising 284 pages. DE 1-2, 1-3. These documents include medical records, medical department request forms, and elevator passes. DE 1-2, 1-3. Most of the documents pre-date the incident and/or are related to issues other than a hand injury. DE 1-2, 1-3.

The documents described below appear to relate to the incident.

---

[1] Quoted language throughout this Opinion is taken *sic* from the original source.

A "Sick Call Progress Note" dated February 4, 2024, indicates that Plaintiff told someone identified as "COkolie RN" that he "fell in the bathroom 3 days ago and now [his] hand is swollen." DE 1-3 at 88. The document also indicates: Plaintiff could "fold and open his arm without any pain, indication of no fracture"; "[i]ce pack applied, Ibuprofen given"; "[o]rder for Ibuprofen in place"; and Plaintiff was "advised to contact medical if symptoms increase." *Id*. A "Sick Call Progress Note" dated February 5, 2024, stated that Plaintiff "fell on Saturday in the shower"; "Right 3rd, 4th, and 5th fingers, and right back of hand swollen, black and blue and hurt since fall"; "OTC pain meds" and "X-Ray requested." *Id*. at 87. A "Progress Note" dated February 6, 2024, provides:

> Face to face sick call provided to pt on unit. . . . Pt was assessed and V/S were refused. . . . No signs of apparent distress noted. Pt C/O pain to right hand . . . . S/P slip and fall in shower 4 days ago. Provided pt with 2 ice packs for swelling . . . . Pt currently receiving Ibuprofen 600 mg and Tylenol 500 mg x 2 BID PO for pain and comfort. . . .

*Id*. at 80–81. A radiology report dated February 7, 2024, concluded that Plaintiff suffered a "[f]racture distal fifth metacarpal." *Id*. at 29. A document titled "ER/Direct Admit Referral Request" and dated February 13, 2024, states that Plaintiff "fell in the bathroom on Saturday and sustained right hand fracture of distal fifth metacarpal." *Id*. at 27. Another document containing an "Orthopedic Clinic Progress Note" with an "encounter date" of March 1, 2024, states:

> 24 y/o RHD incarcerated male presents approximately 3 weeks s/p R 5th MC neck fracture. Patient cannot recall his date of injury. Buddy tape was applied to his R 4th/5th digits at the time of his consult on 2/13. Patient states he removed his buddy tape 1-2 days after he was seen, and that he has been feeling well, doing exercises and moving his hand. Denies any pain, numbness or tingling. Denies any new injury or trauma to his hand.

*Id*. at 14; *see also id*. at 15 (stating as follows under "Visit Diagnosis": "Closed displaced fracture of neck of fifth metacarpal bone of right hand with routine healing . . . ."). And a "Provider Progress Note" dated March 1, 2024, contains the following notation: "Patient return

3

from JCMC Ortho[;] Diagnosis: R 5th MC neck fracture – slipped and fell on right hand." *Id.* at 17.

## II.   DISCUSSION

### A.   Screening Standard

District courts must review civil complaints filed by prisoners, *see* 28 U.S.C. § 1915A(a), and dismiss any case that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b) & 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to

4

support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### B. Section 1983 Claims

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted).

### C. Analysis

The complaint, construed liberally, could be read to allege that Plaintiff was subjected to (1) an unconstitutional condition of confinement resulting from Hall allegedly shutting off the shower light and/or (2) deliberate indifference to a serious medical need arising out the three-day delay in receiving medical care for his broken finger. DE 1 at 5. Plaintiff seeks to hold the HCCC and Hall liable for these alleged constitutional violations.

As an initial matter, HCCC is not a "person" amenable to suit under § 1983, and thus, is not a proper defendant. *See Sapp v. Essex Cnty. Corr. Facility*, No. 21-19491, 2023 WL 7986142, at *3 (D.N.J. Nov. 16, 2023) (Essex County Correctional Facility "is not a 'person'

5

amenable to suit under § 1983," and is therefore "not a proper defendant."); *Echevarria v. Essex Cnty. Dep't of Corr.*, No. CV 20-498, 2020 WL 831073, at *2 (D.N.J. Feb. 20, 2020) ("Neither a county jail nor a county department . . . are 'persons' amenable to suit under § 1983."); *Almonte v. United States*, No. 17-5427, 2018 WL 3492146, at * 3 (D.N.J. July 19, 2018) (finding HCCC is not a person subject to suit under § 1983). Accordingly, Plaintiff's § 1983 claims against HCCC must be dismissed with prejudice.

Additionally, as explained below, Plaintiff has not pleaded viable § 1983 claims against Hall; thus, the § 1983 claims against him will also be dismissed.

1. **Conditions of Confinement**

The Eighth Amendment requires prison officials to provide humane conditions of confinement. *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A successful conditions-of-confinement claim must satisfy a two-pronged test: (1) the plaintiff experienced an objectively "serious" deprivation of life's basic needs or was exposed to a "substantial risk of serious harm" to his or her health; and (2) the defendants knew of and were deliberately indifferent to that deprivation or risk. *See Farmer*, 511 U.S. at 834; *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 227–28 (3d Cir. 2015).

Here, Plaintiff alleges that "Officer Hall . . . turned shower lights off before 9pm lock in time which resulted in hand injury on Unit B-5-East." DE 1 at 5. The Court assumes without deciding that there may be circumstances in which turning off a shower light may expose an inmate to an unconstitutional risk of harm. However, Plaintiff has failed to plausibly allege that he was exposed to such harm here because he has not provided details regarding the incident in question, including a description of (a) the circumstances pursuant to which Hall turned off the

6

shower lights, (b) the environment once the lights were off, (c) the manner in which his hand was injured, and (c) any relevant communications between Hall and him that occurred before, during, or after the incident. Likewise, Plaintiff has not pleaded that Hall acted intentionally or otherwise asserted facts from which the Court could reasonably infer that Hall acted with a culpable state of mind. Rather, the complaint is more plausibly read as alleging that Hall was negligent by turning out the lights before all inmates had left the shower. But negligence does not satisfy the standard for deliberate indifference. *See Bingham v. Lancaster Cnty.*, No. 22- 2769, 2024 WL 23139, at *8 (E.D. Pa. Jan. 2, 2024) ("The deliberate indifference standard requires a more culpable state of mind than negligence.") (citing *Farmer*, 511 U.S. at 835). Accordingly, on the minimal facts asserted here, Plaintiff has not plausibly alleged that he was exposed to a substantial risk of serious harm and that Hall was deliberately indifferent to that risk. *See Farmer*, 511 U.S. at 834. Plaintiff's conditions-of-confinement claim against Hall will therefore be dismissed with leave to amend.

### 2. Deliberate Indifference to Serious Medical Need

To allege a viable claim for a violation of the right to adequate medical care, a plaintiff must allege: (1) a serious medical need; and (2) behavior on the part of prison officials constituting deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

As to the first prong, a serious medical need is: (1) "one that has been diagnosed by a physician as requiring treatment"; (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272–73 (3d Cir. 2003) (internal quotations and citations

omitted). Other relevant factors include "the severity of the medical problems, the potential for harm if the medical care is denied or delayed and whether any such harm actually resulted from the lack of medical attention." *Maldonado v. Terhune*, 28 F. Supp. 2d 284, 289 (D.N.J. 1998).

The second element of the *Estelle* test is subjective and "requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need," i.e., that prison officials knew of, and disregarded, an excessive risk to an inmate's health or safety. *Holder*, 2005 WL 1522130, at *4 (citing *Natale*, 318 F.3d at 582). Mere negligence is insufficient; rather, deliberate indifference requires a "reckless disregard of a known risk of harm." *Holder*, 2005 WL 1522130, at *4 (citing *Farmer*, 511 U.S. at 836 (1994)). Courts have found deliberate indifference "in situations where there was objective evidence that a plaintiff had serious need for medical care, and prison officials ignored that evidence, and in situations where necessary medical treatment is delayed for non-medical reasons." *Natale*, 318 F.3d at 582; *see also Burk v. Wakefield*, No. 21-1354, 2022 WL 1785250, at *6 (M.D. Pa. June 1, 2022) ("Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury." (citing *Durmer v. O'Carroll*, 991 F.2d 64, 68 n.11 (3d Cir. 1993)).

The Court assumes without deciding that a broken finger is, or at least could be, a serious medical need. *See, e.g.*, *Joh v. Suhey*, 709 F. App'x 729 (3d Cir. 2017) ("Joh's allegations of a fractured finger state a claim of a serious medical need."). However, Plaintiff has not plausibly alleged that Hall acted with deliberate indifference to that need. He rather alleges in conclusory fashion that Hall "failed to note or inform medical of incident" (DE 1 at 4 (capitalization omitted)), and that he "did not receive medical attention from [HCCF] for 3 days" (DE 1 at 5).

8

However, he fails to provide facts to support an inference that Hall believed immediate medical care was necessary but intentionally denied or delayed access to that care. *Estelle*, 429 U.S. at 104–05; *see also Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (no evidence that one-month delay in receiving x-ray after tentative diagnosis of fractured finger was anything more than negligence); *Spruill v. Gillis*, 372 F.3d 218, 223–25, 237 (3d Cir. 2004) (delay of two to three days before examination of severe back and leg pain did not state a claim of deliberate indifference against prison guard). Nor has he alleged harm from the delay in treatment. *See DeJesus v. Delaware*, 833 F. App'x 936, 940 (3d Cir. 2020) (noting that deliberate indifference to serious medical need must have caused "harm or physical injury" to plaintiff); *Brooks v. Kyler*, 204 F.3d 102, 105 n.4 (3d Cir. 2000) (no evidence that officers thought prisoner needed immediate treatment or that temporary denial of care exposed prisoner "to undue suffering or threat of tangible residual injury") (quotations omitted); *Joh*, 709 F. App'x at 731 (finding that brief delay in treatment did not demonstrate that medical provider disregarded "an excessive risk" to inmate's safety because inmate did not allege that "the delay in treatment led to any serious harm"); *Burk v. Wakefield*, No. 21-1354, 2022 WL 1785250, at *6 (M.D. Pa. June 1, 2022) ("Burk's . . . single allegation is that, on September 12, 2020, he asked Smith for medical care related to his eye . . ., which Smith denied. . . . Burk has not alleged that he suffered any harm because of Smith's purported denial of medical attention. Without pleading any harm, Burk cannot state a medical indifference claim."). If anything, the medical records attached to the complaint seem to indicate that Plaintiff received reasonably prompt care (within three days of the incident), including pain medication, ice packs, and x-rays.

In short, on the minimal facts alleged, the Court cannot find that Hall acted with deliberate indifference by intentionally or recklessly delaying Plaintiff's treatment. Accordingly,

Plaintiff's deliberate-indifference-to-serious-medical-need claim against Hall will be dismissed. However, because the Court cannot state that amendment would be futile, this dismissal is without prejudice to the filing, within 30 days, of a proposed amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (leave to amend claims dismissed on screening should generally be granted unless amendment would be inequitable or futile).

### III. Conclusion

For the reasons stated above, Plaintiff's motion to proceed IFP (DE 1-1) is granted and his complaint (DE 1) is dismissed with prejudice as against the HCCC, and without prejudice as against defendant Hall. Plaintiff may file a proposed amended complaint within 30 days. An appropriate order follows.

Dated: April 22, 2024

HON. JAMEL K. SEMPER
United States District Judge